**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 21-4204**

───────────

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

   v.

RANDON AUSTIN JENKINS, a/k/a Jerz,

        Defendant - Appellant.

───────────

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  James C. Dever III, District Judge.  (7:18-cr-00006-D-1)

───────────

Submitted:  August 14, 2023                Decided:  August 23, 2023

───────────

Before THACKER and QUATTLEBAUM, Circuit Judges, and KEENAN, Senior Circuit Judge.

───────────

Affirmed by unpublished per curiam opinion.

───────────

**ON BRIEF:** Joseph B. Gilbert, TARLTON POLK PLLC, Raleigh, North Carolina, for Appellant.  Michael F. Easley, Jr., United States Attorney, David A. Bragdon, Assistant United States Attorney, Lucy Partain Brown, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Randon Austin Jenkins appeals his jury conviction and sentence of life plus 60 months in prison on 10 counts, including distribution of heroin resulting in serious bodily injury and death of a person, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C), after a prior felony drug offense under 21 U.S.C. § 802(44). On appeal, Jenkins' attorney has filed a brief under *Anders v. California*, 386 U.S. 738 (1967), raising five issues but concluding there are no meritorious issues for appeal. Jenkins has filed a pro se supplemental brief raising additional issues. We previously directed the Government to file a brief responding to the issues raised in the *Anders* and pro se briefs, and it has complied by filing a response brief. Jenkins was permitted to file a reply brief but has not done so. We affirm.

Jenkins and his counsel both challenge the sufficiency of the evidence to support his conviction for distribution of heroin resulting in serious bodily injury and death of a person. Jenkins also questions whether the district court erred in its jury instructions under *Burrage v. United States*, 571 U.S. 204 (2014). Jenkins preserved his challenge to the sufficiency of the evidence to support his convictions by moving for judgment of acquittal in the district court, but he challenges the jury instructions for the first time on appeal.

"We review the sufficiency of the evidence de novo, sustaining the verdict if, 'viewing the evidence in the light most favorable to the Government, it is supported by substantial evidence.'" *United States v. Wysinger*, 64 F.4th 207, 211 (4th Cir. 2023). "'Substantial evidence is that which a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt.'" *United States v. Robinson*, 55 F.4th 390, 401 (4th Cir. 2022). "The jury, not the reviewing

court, weighs credibility and resolves conflicts in the evidence; and 'if the evidence supports different, reasonable interpretations, the jury decides which interpretation to believe.'" *Wysinger*, 64 F.4th at 211. "A defendant bringing a sufficiency challenge therefore bears 'a heavy burden,' and reversal is warranted only 'where the prosecution's failure is clear.'" *Id*.

"In *Burrage v. United States*, the Supreme Court held that the inclusion of 'results from' in the text of § 841(b)(1)(C) means that 'at least where use of the drug distributed by the defendant is not an independently sufficient cause of the victim's death or serious bodily injury, a defendant cannot be liable' under the provision 'unless such use is a but-for cause of the death or injury.'" *Robinson*, 55 F.4th at 401 (quoting *Burrage*, 571 U.S. at 218)). "As a general matter, a district court has an obligation to give instructions to the jury that 'fairly state[] the controlling law.'" *United States v. Alvarado*, 816 F.3d 242, 248 (4th Cir. 2016). When a party fails to object to the jury instructions in the district court, we review any issue asserted on appeal for plain error. *Id*.

To establish eligibility for plain-error relief, a defendant has the burden of showing (1) error, (2) that was plain, and (3) that the error affected his substantial rights. *Greer v. United States*, 141 S. Ct. 2090, 2096-97 (2021). Even if he makes this showing, we may grant relief only if we conclude that the error "had a serious effect on 'the fairness, integrity or public reputation of judicial proceedings.'" *Id*. "Satisfying all four prongs of the plain-error test 'is difficult.'" *Id*. at 2097. Regardless of whether a party preserved his appeal challenge, a jury instruction error will only warrant reversal if it is prejudicial based on a

3

review of the record as a whole. *See United States v. Coby*, 65 F.4th 707, 711 (4th Cir. 2023) (citing *United States v. Moye*, 454 F.3d 390, 399 (4th Cir. 2006) (en banc)).

We have reviewed the record and Jenkins' arguments, and we conclude the evidence was sufficient to support his convictions. We further conclude that Jenkins fails to show any plain error in the district court's jury instructions affecting his substantial rights.

*Anders* counsel also questions whether the district court erred in its evidentiary rulings, but he does not articulate any error by the court. "We review evidentiary rulings for abuse of discretion, which the Court 'will not find unless the decision was arbitrary and irrational.'" *United States v. Robertson*, 68 F.4th 855, 861 (4th Cir. 2023). But, "when a defendant fails to make a specific and timely objection at trial, our review is restricted to plain error." *United States v Keita*, 742 F.3d 184, 189 (4th Cir. 2014).

Even where a defendant objected at trial, we review evidentiary rulings for harmless error. *United States v. Caldwell*, 7 F.4th 191, 204 (4th Cir. 2021). "[A]n error is harmless if it's highly probable that it did not affect the judgment." *Id.* (internal quotation marks omitted). "The decisive factors to consider are the closeness of the case, the centrality of the issue affected by the error, and the steps taken to mitigate the effects of the error." *Id*. (internal quotation marks omitted). Having reviewed the record and Jenkins' arguments, we conclude that he fails to show any abuse of discretion or plain error by the district court in its evidentiary rulings; and even if there were any error, it was harmless.

Turning to Jenkins' sentencing issues, we first consider his pro se argument that his prior New Jersey conviction for possession with intent to distribute a controlled dangerous substance within 1000 feet of a school did not qualify for a statutory enhancement under

4

21 U.S.C. §§ 841(b)(1)(C), 851.  Because Jenkins did not preserve his challenge in the district court, we review it only for plain error.  *See Wysinger*, 64 F.4th at 216.  Having reviewed the record and the parties' arguments on appeal, we conclude that Jenkins fails to show any plain error by the district court affecting his substantial rights.

At sentencing, the district court found Jenkins' prior New Jersey conviction was a felony drug offense, triggering a mandatory life sentence on his conviction for distribution of heroin resulting in serious bodily injury and death of a person, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C); and his Guidelines range was life plus a consecutive sentence on his conviction for possession of a firearm in furtherance of a drug trafficking crime.  The court also found that if it miscalculated the Guidelines range, it would impose the same sentence as an alternate variant sentence based on the 18 U.S.C. § 3553(a) factors in this case.

On appeal, Jenkins argues the district court was required to find that his prior offense was a serious drug felony pursuant to changes in the First Step Act of 2018.  But, the First Step Act did not amend subparagraph (C) of § 841(b)(1), and his argument is without merit.  *See* First Step Act § 401.  In light of the Government's response brief, to which there was no reply, we further conclude Jenkins fails to show any plain error affecting his substantial rights by the district court finding his prior conviction was a felony drug offense.

*Anders* counsel raises three sentencing issues for our consideration.  First, counsel questions whether Jenkins' mandatory life sentence violated due process, because the record did not establish he knew the heroin he distributed would cause the victim to die.  Second, while counsel concedes Jenkins' Guidelines range was correctly calculated and his life sentence was mandatory, counsel questions whether it was higher than he deserved.

5

Finally, counsel questions whether the district court erred in imposing supervised release conditions in violation of *United States v. Rogers*, 961 F.3d 291 (4th Cir. 2020).

"We 'review all sentences—whether inside, just outside, or significantly outside the Guidelines range—under a deferential abuse-of-discretion standard.'" *United States v. Barronette*, 46 F.4th 177, 208 (4th Cir. 2022) (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007)). "We first ensure the district court committed no significant procedural error, and we then determine whether the sentence imposed was substantively reasonable." *United States v. Devine*, 40 F.4th 139, 152 (4th Cir. 2022). "Significant procedural errors include improperly calculating the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Id*. We presume any sentence within a properly calculated Guidelines range is substantively reasonable. *Id*. at 153.

Because Jenkins did not assert his due process claim in the district court, we review it for plain error. *See United States v. Barringer*, 25 F.4th 239, 252-53 (4th Cir. 2022). The Supreme Court has explained that a statute violates due process if "it fails to give ordinary people fair notice of the conduct it punishes." *Johnson v. United States*, 576 U.S. 591, 595 (2015). This applies "not only to statutes defining elements of crimes, but also to statutes fixing sentences." *Id*. at 596. Having reviewed the record and Jenkins' arguments, we conclude that he has not shown any plain error in violation of his due process rights. As we have explained, "§ 841(b)(1)(C) imposes no reasonable foreseeability requirement." *Alvarado*, 816 F.3d at 249 (internal quotation marks omitted). "Indeed, we concluded that the 'plain language reveals Congress' intent' to 'put[] drug dealers . . . on clear notice that

6

their sentences will be enhanced if people die from using the drugs they distribute.'" *Id*. at 249-50 (quoting *United States v. Patterson*, 38 F.3d 139, 145 (4th Cir. 1994)).

We further conclude that Jenkins' sentence is both procedurally and substantively reasonable. The district court correctly calculated Jenkins' Guidelines range, conducted an individualized assessment of the facts and arguments presented, imposed an appropriate sentence, and explained the sentence chosen. *See United States v. Nance*, 957 F.3d 204, 212 (4th Cir. 2020). Moreover, Jenkins fails to rebut the presumption that his sentence is substantively reasonable. *See United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014).

Finally, we consider whether the district court erred under *Rogers*. "In *Rogers*, we held that district courts must announce all discretionary conditions of supervised release at a defendant's sentencing hearing." *United States v. Cisson*, 33 F.4th 185, 191 (4th Cir. 2022). "Discretionary conditions that appear for the first time in a subsequent written judgment, we held, are nullities; the defendant has not been sentenced to those conditions, and a remand for resentencing is required." *United States v. Singletary*, 984 F.3d 341, 344 (4th Cir. 2021). "But the district court may satisfy this obligation through incorporation— by incorporating, for instance, all Guidelines standard conditions." *United States v. Elbaz*, 52 F.4th 593, 612 (4th Cir. 2022) (internal quotation marks omitted). "[W]hen a defendant claims that a district court committed a *Rogers* error, we 'review the consistency of [the defendant's] oral sentence and the written judgment de novo.'" *Cisson,* 33 F.4th at 193.

We have reviewed the record and conclude that there was no error under *Rogers*, because the written judgment does not include any discretionary conditions that were not orally announced or incorporated by the district court at sentencing.

7

Accordingly, we affirm the district court's judgment. This court requires that counsel inform Jenkins, in writing, of his right to petition the Supreme Court of the United States for further review. If Jenkins requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Jenkins. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*