**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 21-4438

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

CHRISTOPHER ROBERTSON,

Defendant – Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Newport News.  David J. Novak, District Judge.  (4:18-cr-00027-DJN-LRL-1)

Argued:  March 10, 2023                                          Decided:  May 23, 2023

Before AGEE and RICHARDSON, Circuit Judges, and KEENAN, Senior Circuit Judge.

Affirmed by published opinion.  Judge Agee wrote the opinion in which Judge Richardson and Judge Keenan joined.

**ARGUED:**  Fernando Groene, FERNANDO GROENE, PC, Williamsburg, Virginia, for Appellant.  Jacqueline Romy Bechara, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.  **ON BRIEF:**  Jessica D. Aber, United States Attorney, Richmond, Virginia, Eric M. Hurt, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Newport News, Virginia, for Appellee.

AGEE, Circuit Judge:

After committing or attempting to commit thirteen robberies, Christopher Robertson was indicted on twenty-two counts of robbery-related activity and one count of being a felon in possession of a firearm. Before a jury could return a verdict in Robertson's original trial, it was deemed a mistrial.

Before a retrial, at Robertson's request, the district court severed Robertson's charges into two trials—one for the felon in possession of a firearm charge and another for the robbery-related charges. After both trials resulted in guilty verdicts on all counts, Robertson filed motions for a judgment of acquittal in each case, arguing that there was insufficient evidence to support his convictions. The district court denied the motions. Robertson appeals, contesting the district court's decisions on both motions for acquittal, the district court's enforcement of a stipulation in the retrial, and the district court's use of certain jointly proposed jury instructions, and alleging a speedy trial violation. For the reasons discussed below, we affirm.

I.

In 2013 and 2014, Robertson orchestrated thirteen robberies throughout eastern Virginia. He and three coconspirators robbed gas stations, restaurants, grocery stores, and other similar businesses in Chesapeake, Fredericksburg, Newport News, Spotsylvania, and Yorktown.

As part of an investigation into the robberies and pursuant to a state court order, Newport News local law enforcement obtained cell site location information from Verizon cell towers that placed Robertson near the location of each robbery at the time it occurred.

After unsuccessfully attempting to arrest Robertson, law enforcement obtained a warrant to search for him in the residence of Keosha Hodge, the mother of one of his children. At 6:00 AM on May 20, 2016, law enforcement executed the warrant and searched Hodge's residence, in which they found a 9-millimeter Taurus handgun lying on the floor underneath some clothing in the main bedroom and Robertson's prescription card in the bedroom closet. Law enforcement also located a motorcycle helmet in the residence and observed Robertson's motorcycle parked outside of it. The officers then found Robertson hiding in the attic and arrested and searched him. In the course of the search, the officers found a 9-millimeter bullet in Robertson's right front pants pocket, which had the "same, identical markings" as the bullets found in the firearm on the floor of the main bedroom. J.A. 205.

Robertson was subsequently charged with fourteen counts of a combination of conspiracy to commit, actually committing, and attempting to commit Hobbs Act robbery; eight counts of using a firearm during a crime of violence; and one count of being a felon in possession of a firearm.

Prior to Robertson's first trial, Robertson and the Government entered into multiple stipulations, one of which provided that his robberies and attempted robberies "affected commerce." J.A. 32. Before a verdict was reached, the district court declared a mistrial on February 15, 2019, for reasons unrelated to this appeal.

3

Thereafter, a superseding indictment was filed bringing the same twenty-three charges against Robertson and adding a coconspirator. Robertson moved to sever his claims, asking for separate trials on the felon-in-possession charge and the robbery-related charges. The district court granted the motion and scheduled a trial on the felon-in-possession charge for March 3, 2020.

Robertson then proceeded to trial on the felon-in-possession charge, stipulating that he was a felon and was aware of his felon status. The Government presented evidence of the search of Hodge's house and the seizure of the firearm found near Robertson's possessions. They also presented evidence regarding the bullet found in Robertson's pocket, which was identical to the bullets found in the firearm. Additionally, the Government demonstrated that the firearm was purchased by Robertson's on-again-off-again girlfriend and the mother of his second child, Aquilla Jones. The jury found Robertson guilty.

After trial, Robertson moved for a judgment of acquittal, arguing that there was insufficient evidence that he possessed the firearm because no fingerprints were obtained from the firearm, no testing was done on the bullet found in his pocket, and certain items in the bedroom where the firearm was found clearly belonged to Hodge. The district court denied the motion and explained that the Government provided sufficient evidence connecting Robertson to the bedroom and noted that he was found hiding in the house with a matching bullet in his pocket. This "mosaic of circumstantial evidence" was sufficient for a reasonable juror to conclude beyond a reasonable doubt that Robertson constructively possessed the firearm. J.A. 275 (footnote omitted).

4

Thereafter, the district court asked the parties to submit their speedy trial positions on an August 2020 trial date for the remaining counts. Robertson never asserted a speedy trial violation but advised the district court that he "wished to be tried as soon as possible." J.A. 237. The district court found that the "ends of justice" were served by setting a trial date beyond the seventy-day window normally required by the Speedy Trial Act because the case was complex and counsel needed time to prepare. J.A. 247–48. However, before the parties could agree on a date, the district court closed due to COVID, but shortly thereafter the trial was scheduled for December 4, 2020.

The district court entered an order which excluded the period from July 7, 2020 to December 3, 2020 from the speedy trial calculation due to COVID's effect on the court's operations. Robertson filed a position statement, agreeing that the court's order was "well reasoned and sound" and "properly justifie[d] the exclusion" of time for speedy trial purposes. J.A. 290. He did "not object to this particular time exclusion" but restated "his desire to be tried as soon as possible" and refused to waive his right to a speedy trial. J.A. 290. The district court extended its jury trial suspension twice more. Ultimately, the district court set a trial date of March 1, 2021.

Before the trial, the Government moved to enforce several stipulations which the parties had entered into prior to Robertson's first trial. Although he did not challenge the enforcement of some of the stipulations, Robertson did object to the enforcement of the prior stipulation that stated that the alleged robberies affected interstate commerce. The district court nonetheless accepted the stipulation, reasoning that Robertson had "not

5

demonstrated manifest injustice resulting from the enforcement of the stipulation, nor that he inadvertently entered into the stipulation." J.A. 307.

On March 1, 2021, Robertson was tried by a jury and the evidence included testimony from his three coconspirators—Michael Ellison, Ezekiel Keaton, and Jones. Each testified that they participated in the robberies at Robertson's direction, J.A. 322–23, 361, 484–85, 521–22, and stated that Robertson selected the locations to rob and accompanied them to the locations during every robbery. They further explained that Robertson did not enter the businesses because he believed the security cameras could identify him through retinal scans. Instead, Robertson kept lookout and advised Ellison and Keaton when it was clear to enter each business.

The coconspirators revealed that the first group of robberies was committed by just Ellison and Robertson between September 24, 2013 and October 13, 2013. Ellison testified regarding every robbery that occurred and stated that Robertson aided him with each one. The second set of robberies involved Robertson, Ellison, Jones, and Keaton, and occurred throughout December 2014. The coconspirators testified as to Robertson's involvement in each of those robberies as well.

After the parties rested their cases, Robertson and the Government proposed joint jury instructions, which the district court accepted and provided to the jury. The jury then convicted Robertson on all counts. Thereafter, Robertson moved for an acquittal, arguing that there was insufficient evidence that his coconspirators succeeded in retrieving anything of value during certain robberies. The district court denied Robertson's motion, laying out the evidence that demonstrated that the coconspirators took money from each robbery and

6

concluding that a rational juror accepting that testimony could find that they completed the robberies. *United States v. Robertson*, No. 4:18cr27 (DJN), 2021 WL 3575834, at *1–3, *7–8 (E.D. Va. Aug. 12, 2021).

Additionally, Robertson argued that the jury instructions contained a prejudicial error. The district court rejected this argument, reasoning that Robertson "forfeited his challenge to the[] instructions under the invited error doctrine" as he jointly proposed the instructions. *Id.* at *8. Moreover, the district court concluded that Robertson, who had not objected to the jury instructions before the jury retired to deliberate, failed to demonstrate plain error. *Id.* at *9.

Robertson timely appealed, bringing four challenges to the district court's decisions. First, Robertson argues that the district court abused its discretion by enforcing a stipulation in the retrial which the parties entered into before the first trial. Second, he posits that there was insufficient evidence supporting his convictions. Third, Robertson contests the district court's use of a jointly proposed jury instruction. Finally, he contends that the district court violated his right to a speedy trial.[1] We take each argument in turn.[2]

---

[1] Robertson also argues that the district court erred by denying two motions to suppress that he brought before his retrial. But Robertson failed to develop those arguments or provide any support for them in his opening brief. As such, they have been waived. *See Grayson O Co. v. Agadir Int'l LLC*, 856 F.3d 307, 316 (4th Cir. 2017) ("A party waives an argument by failing to present it in its opening brief or by failing to develop its argument— even if its brief takes a passing shot at the issue." (cleaned up)).

[2] The Court has jurisdiction under 28 U.S.C. § 1291.

II.

Robertson initially asserts that the district court erred by enforcing in the retrial a stipulation that the parties entered into before his first trial. We disagree.

We review evidentiary rulings for abuse of discretion, which the Court "will not find unless the decision was arbitrary and irrational." *United States v. Blake*, 571 F.3d 331, 346 (4th Cir. 2009) (cleaned up). Generally, "stipulations of attorneys made during a trial may not be disregarded or set aside at will." *Marshall v. Emersons Ltd.*, 593 F.2d 565, 569 (4th Cir. 1979) (citation omitted). As a result, we have recognized only two exceptions that require setting aside a stipulation: (1) "when it becomes apparent that [the stipulation] may inflict a manifest injustice upon one of the contracting parties," and (2) "when a stipulation is entered into under a mistake of law." *Id.* at 568 (citation omitted). Neither exception applies here.

However, we have not previously considered the question now before us—whether a stipulation made before a previous trial can be binding in a later trial. Having reviewed the parties' arguments on this issue, we join our sister circuits that have unanimously concluded that a district court may enforce in a later trial a stipulation entered into in an earlier trial.[3] *See Waldorf v. Shuta*, 142 F.3d 601, 616–20 (3d Cir. 1998) (rejecting a challenge to the district court's acceptance of a stipulation in a later trial entered into before

---

[3] Notably, the Eleventh Circuit concluded that the district court did not abuse its "broad discretion" by choosing not to enforce a stipulation entered into during a prior trial because stipulations "need not be rigidly and pointlessly adhered to at trial." *Hunt v. Marchetti*, 824 F.2d 916, 918 (11th Cir. 1987) (cleaned up). It did not, however, state that a district court *could not* enforce an earlier-made stipulation in a later trial.

a previous trial); *United States v. Marino*, 617 F.2d 76, 82 (5th Cir. 1980) (same); *United States v. Wingate*, 128 F.3d 1157, 1160–61 (7th Cir. 1997) (same); *United States v. Burkhead*, 646 F.2d 1283, 1285 (8th Cir. 1981) (same); *Bail Bonds by Marvin Nelson, Inc. v. Comm'r*, 820 F.2d 1543, 1547–48 (9th Cir. 1987) (same); *United States v. Boothman*, 654 F.2d 700, 703 (10th Cir. 1981) (same); *United States v. Kanu*, 695 F.3d 74, 78–82 (D.C. Cir. 2012) (same); *see also Am. Honda Motor Co. v. Richard Lundgren, Inc.*, 314 F.3d 17, 21–22 (1st Cir. 2002) (rejecting a challenge to the district court's acceptance of a stipulation entered into in a previous lawsuit); *Calcutt v. Fed. Deposit Ins. Corp.*, 37 F.4th 293, 322 (6th Cir. 2022) (concluding that the ALJ did not abuse his discretion by admitting stipulations from prior proceedings).

In analyzing this issue, our sister circuits posit that the most important factor to consider is "the parties' intention to limit or not limit a stipulation to only one proceeding." *Kanu*, 695 F.3d at 78 (citation omitted); *see also Waldorf*, 142 F.3d at 617 ("[T]he parties' intention to limit or not limit a stipulation to only one proceeding is the overriding factor."). So, "a stipulation does not continue to bind the parties if they expressly limited it to the first proceeding or if the parties intended the stipulation to apply only at the first trial." *Kanu*, 695 F.3d at 79 (citation omitted). But where the stipulation was "an open-ended concession of liability without limitation to the ensuing trial," there is no reason to relieve a party from an earlier-made stipulation in a later proceeding. *Id.* (cleaned up).

Applying those sound principles here, nothing in the stipulation's language limited its applicability to the first trial. *See* J.A. 32 (stating that the parties "agree that the robbery or attempted robbery of the listed businesses affected commerce on the date of the robbery

9

or attempted robbery" and listing the relevant businesses). The parties entered into an open-ended stipulation in which they both agreed that Robertson's alleged robberies affected commerce. That Robertson later regretted entering into the stipulation is not sufficient to relieve him of its continuing effect. *See Waldorf*, 142 F.3d at 616 ("Generally, a stipulation entered into prior to a trial remains binding during subsequent proceedings between the parties."). Accordingly, the district court's acceptance of the stipulation in the retrial was not an abuse of discretion.

III.

Robertson next argues that the district court erred by denying his motions for a judgment of acquittal because there was insufficient evidence to support his convictions. Again, we disagree.

When considering a sufficiency-of-the-evidence challenge to a jury's guilty verdict, the court must sustain the verdict "if there is substantial evidence, taking the view most favorable to the Government, to support it." *United States v. Stockton*, 349 F.3d 755, 761 (4th Cir. 2003) (citation omitted). Substantial evidence is "evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." *United States v. Burgos*, 94 F.3d 849, 862 (4th Cir. 1996) (en banc). We review the district court's sufficiency conclusion de novo but can reverse a conviction "only where no reasonable juror 'could have found the essential elements of the crime beyond a reasonable doubt.'" *United States v. Dennis*, 19 F.4th 656, 666 (4th Cir. 2021) (citation omitted).

To establish the crime of being a felon in possession of a firearm, the Government must prove: (1) the defendant was previously convicted of a felony, (2) the defendant knew he was a felon, (3) the defendant knowingly possessed the firearm, and (4) the possession was in or affecting commerce. 18 U.S.C. § 922(g)(1); *Rehaif v. United States*, 139 S. Ct. 2191, 2200 (2019). For the third element, constructive possession of the firearm is sufficient, meaning a person can be considered to have possessed the firearm if "he exercised, or had the power to exercise, dominion and control over the firearm." *United States v. Wilson*, 484 F.3d 267, 282 (4th Cir. 2007) (cleaned up). This can be established "through direct or circumstantial evidence." *United States v. Smith*, 21 F.4th 122, 140 (4th Cir. 2021).

There was sufficient evidence supporting Robertson's conviction for being a felon in possession of a firearm. As indicated, Robertson stipulated that he was previously convicted of a felony and knew of his status as a felon. And Robertson does not argue that the firearm possession did not affect commerce. As to the possession element, the relevant firearm was purchased by Robertson's on-again-off-again girlfriend, Jones. It was found in the home of another one of his girlfriends and the mother of his child—the house in which Robertson was hiding at 6:00 AM—in a room where Robertson kept other belongings. Further, police recovered a bullet from Robertson's pocket with identical markings as the bullets found in the firearm. This is sufficient evidence for a reasonable juror to conclude beyond a reasonable doubt that Robertson constructively possessed the firearm. *See United States v. Jones*, 945 F.2d 747, 749–50 (4th Cir. 1991) (concluding that there was "ample evidence" of constructive possession where "police found the gun in [the

11

defendant's] bedroom and ammunition for the gun in his pocket"); *United States v. Jones*, 204 F.3d 541, 543–44 (4th Cir. 2000) ("Given that the cocaine . . . was found behind a dresser drawer in the bedroom from which the officer saw Jones exit and in which authorities discovered Jones' personal papers, we cannot say that the district court, sitting as trier of fact, erred in finding that Jones possessed the cocaine."); *United States v. Griffin*, 175 F. App'x 627, 630 (4th Cir. 2006) (per curiam) (determining that the defendant's "early morning presence in the bedroom where th[e] items were found" along with his personal papers in the bedroom provided sufficient evidence to support a conviction for constructive possession of the items). And, contrary to Robertson's argument, this is true despite the fact that the evidence is circumstantial because the Government can prove constructive possession "through direct or circumstantial evidence." *Smith*, 21 F.4th at 140.

Similarly, there was sufficient evidence to support Robertson's convictions for Hobbs Act robbery, which requires the Government to show: "(1) that the defendant coerced the victim to part with property; (2) that the coercion occurred through the wrongful use of actual or threatened force, violence or fear. . . ; and (3) that the coercion occurred in such a way as to adversely affect interstate commerce." *United States v. Reed*, 780 F.3d 260, 271 (4th Cir. 2015) (cleaned up). A defendant can also be convicted of aiding and abetting Hobbs Act robbery. *United States v. Ali*, 991 F.3d 561, 574 (4th Cir. 2021).

Robertson argues that there was insufficient evidence that he participated in the robberies. Notably, he concedes that his coconspirators' testimony constituted evidence that he participated in the robberies because it "is well settled in this circuit that the uncorroborated testimony of an accomplice may be sufficient to sustain a conviction."

12

*United States v. Baker*, 985 F.2d 1248, 1255 (4th Cir. 1993). Nonetheless, Robertson contends that his coconspirators' testimony should have been disregarded because they were not credible. For example, Robertson posits that Ellison "barely had any recollection" of the robberies and his testimony was vague. Opening Br. 22. He also states that all the evidence that he participated in the 2014 robberies came from coconspirators who had equivocated or lied in earlier proceedings.

These arguments all must fail because "[t]he jury, not the reviewing court, weighs the credibility of the evidence and resolves any conflicts in the evidence presented. And, in conducting such a review, [the Court] is obliged to view the evidence and all reasonable inferences to be drawn therefrom in the light most favorable to the prosecution." *United States v. Palacios*, 677 F.3d 234, 250 (4th Cir. 2012) (citation omitted).  As the district court thoroughly explained, Robertson's coconspirators—particularly Ellison—described each of the robberies and summarized Robertson's role in them. Accepting that testimony as true, as the Court must in reviewing a motion for judgment of acquittal, a reasonable juror could find Robertson guilty of the robberies beyond a reasonable doubt. As such, Robertson's challenges to the sufficiency of the evidence are without merit.[4]

---

[4] Moreover, below, Robertson's only sufficiency-of-the-evidence argument was that there was insufficient evidence that "money or another thing of value was taken by Ellison and his accomplices in the alleged robberies charged in Counts 2, 4, 5, 12, 13 and 15." J.A. 817. He did not challenge the evidence of his involvement in the robberies. Therefore, we can only correct the district court's error if it was particularly egregious, which we do not find here. *See United States v. Hardy*, 999 F.3d 250, 253–54 (4th Cir. 2021) ("When a defendant fails to raise an argument in the district court, [the Court] may correct only particularly egregious errors." (cleaned up)).

13

IV.

Robertson also argues that the district court abused its discretion by utilizing certain jury instructions that he and the Government jointly proposed to the court. But we "fail to see how the trial court abused its discretion based on [an] allegedly prejudicial instruction when [Robertson] asked for it and thus invited the error." *United States v. Simmons*, 11 F.4th 239, 263 (4th Cir. 2021); *see also United States v. Mathis*, 932 F.3d 242, 257 (4th Cir. 2019) (declining to address an argument about an improper jury instruction where the defendants "invited the claimed error"); *United States v. Herrera*, 23 F.3d 74, 75 (4th Cir. 1994) ("[A] court can not be asked by counsel to take a step in a case and later be convicted of error, because it has complied with such request." (citation omitted)). Thus, regardless of the merit of Robertson's claim, we decline to vacate Robertson's convictions on this ground. *See Simmons*, 11 F.4th at 262 ("In the ordinary case, Defendants might have a colorable argument that this instruction conflicts with our precedent . . . . But Defendants, along with the Government, jointly proposed this instruction to the trial court.").

V.

Robertson finally argues that the district court violated his speedy trial rights by holding his retrial more than seventy days after his mistrial. Indeed, the Speedy Trial Act requires that, in the event of a mistrial, a defendant be brought to trial within seventy days of "the date the action occasioning the retrial becomes final." 18 U.S.C. § 3161(e). Although there are certain periods of delay that are excluded from computing the time within which trial must begin, *see id.* § 3161(h), if more than seventy nonexcludable days

14

pass without bringing the defendant to trial, the district court "shall" dismiss the indictment "on motion of the defendant." *Id.* § 3162(a)(2). However, failure to move for dismissal prior to trial "shall constitute a waiver of the right to dismissal." *Id.* And plain-error review is unavailable for violations not timely asserted before trial begins. *United States v. Mosteller*, 741 F.3d 503, 507 (4th Cir. 2014).

Although Robertson stated multiple times that he wished to be tried as soon as possible, he never moved for a dismissal prior to trial based on a speedy trial violation. In fact, even when prompted, Robertson never objected to the district court's trial schedule. Accordingly, Robertson waived his right to assert a speedy trial violation and we need not consider his argument further.

## VI.

For the foregoing reasons, we affirm Robertson's convictions.

*AFFIRMED*

15