**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 22-4539**

---

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

      v.

SHANECA J. MOSLEY, a/k/a Shaneca J. Moseley, a/k/a Shaneca J. Hibbler,

              Defendant - Appellant.

---

Appeal from the United States District Court for the Eastern District of Virginia, at Newport News.  John A. Gibney, Jr., Senior District Judge.  (4:21-cr-00054-JAG-RJK-1)

---

Submitted:  June 29, 2023                              Decided:  July 13, 2023

---

Before WYNN, QUATTLEBAUM, and HEYTENS, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**ON BRIEF:**  Maureen Leigh White, Richmond, Virginia, for Appellant.  Jessica D. Aber, United States Attorney, Richmond, Virginia, Brian J. Samuels, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Newport News, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

After a jury trial, Shaneca J. Mosley was convicted of three counts of false representation of a Social Security number, in violation of 42 U.S.C. § 408(a)(7)(B) (Counts 1 through 3), one count of providing a false statement on a loan application, in violation of 18 U.S.C. § 1014 (Count 4), and three counts of aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1), (c) (Counts 5 through 7).  Mosley asserts that the evidence was insufficient to sustain Counts 1, 3, 5, and 7.  We affirm.

Rule 29 of the Federal Rules of Criminal Procedure requires a trial court, on the defendant's motion, to "enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction."  Fed. R. Crim. P. 29(a).  We review the district court's denial of a Rule 29 motion de novo.  *United States v. Smith*, 54 F.4th 755, 766 (4th Cir. 2022), *cert. denied*, 143 S. Ct. 1097 (2023).  "In doing so, we view the evidence in the light most favorable to the prosecution and decide whether substantial evidence supports the verdict.  Substantial evidence is evidence that a reasonable fact-finder could accept as adequate and sufficient to support a defendant's guilt beyond a reasonable doubt.  Defendants bear a heavy burden under this standard."  *Id*. (citations and internal quotation marks omitted).  While we "review the district court's sufficiency conclusion de novo," we will "reverse a conviction only where no reasonable juror could have found the essential elements of the crime beyond a reasonable doubt."  *United States v. Robertson*, 68 F.4th 855, 862 (4th Cir. 2023) (internal quotation marks omitted).  We consider both "circumstantial as well as direct evidence, and allow the government the benefit of all reasonable inferences from the facts proven to those sought to be established, and we

2

assume that the jury resolved all contradictions in testimony in favor of the Government." *United States v. Hicks*, 64 F.4th 546, 550 (4th Cir. 2023) (internal quotation marks omitted). In fact, "[a] conviction may rest entirely on circumstantial evidence." *United States v. Dennis*, 19 F.4th 656, 665 (4th Cir. 2021).

We have considered Mosley's appellate arguments and the evidence offered at trial and conclude that Mosley's arguments are without merit. Accordingly, we affirm the judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*