**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 23-4267**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

FURMAN ALEXANDER FORD,

Defendant - Appellant.

---

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Dever III, District Judge.  (5:20-cr-00448-D-1)

---

Submitted:  April 11, 2024                                     Decided:  April 15, 2024

---

Before AGEE and QUATTLEBAUM, Circuit Judges, and FLOYD, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

**ON BRIEF:** William S. Trivette, WILLIAM S. TRIVETTE, ATTORNEY AT LAW, PLLC, Greensboro, North Carolina, for Appellant.  David A. Bragdon, Assistant United States Attorney, Kristine L. Fritz, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Furman Alexander Ford appeals the criminal judgment and 204-month sentence imposed after a jury convicted him of conspiracy to commit health care fraud, in violation of 18 U.S.C. §§ 1347, 1349; health care fraud and aiding and abetting, in violation of 18 U.S.C. §§ 2, 1347; wire fraud and aiding and abetting, in violation of 18 U.S.C. §§ 2, 1343; and aggravated identity theft and aiding and abetting, in violation of 18 U.S.C. §§ 2, 1028A(a)(1).  Counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that the evidence introduced at trial was insufficient to support Ford's convictions.  Ford has filed a pro se supplemental brief, asserting that his convictions should be vacated under *Napue v. Illinois*, 360 U.S. 264 (1959), because multiple Government witnesses testified falsely and the Government either knowingly presented the false trial testimony or, at best, failed to correct it.[*]  The Government has not filed a response brief.  After reviewing the district court record, we affirm.

We review de novo the sufficiency of the evidence supporting a conviction.  *United States v. Ath*, 951 F.3d 179, 185 (4th Cir. 2020).  In assessing evidentiary sufficiency, we must determine whether, viewing the evidence in the light most favorable to the Government and accepting the factfinder's credibility determinations, there is substantial evidence supporting the verdict—that is, "evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a

---

[*] Upon review, we find that the issues raised in Ford's pro se supplemental brief lack merit.

2

reasonable doubt." *United States v. Robertson*, 68 F.4th 855, 862 (4th Cir.) (internal quotation marks omitted), *cert. denied*, 144 S. Ct. 301 (2023).

Viewed in the light most favorable to the Government, we conclude that substantial evidence supports the jury's guilty verdict in this case. Through multiple witnesses, the Government established that Ford participated in a health care fraud scheme during which Medicare was billed for medical services that were never rendered. Considered as a whole, we conclude that the trial evidence was sufficient to support Ford's convictions. *See United States v. Simpson*, 741 F.3d 539, 547 (5th Cir. 2014) (discussing elements of conspiracy to commit fraud); *United States v. McLean*, 715 F.3d 129, 137-38 (4th Cir. 2013) (stating elements of substantive health care fraud offense); *United States v. Wynn*, 684 F.3d 473, 477-78 (4th Cir. 2012) (setting forth elements of wire fraud offense); *United States v. Abdelshafi*, 592 F.3d 602, 607 (4th Cir. 2010) (setting forth elements required to prove aggravated identity theft under § 1028A(a)(1)).

In accordance with *Anders*, we have reviewed the record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's criminal judgment. This court requires that counsel inform Ford, in writing, of the right to petition the Supreme Court of the United States for further review. If Ford requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Ford. We dispense with oral argument because the facts

3

and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*