**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————————

**No. 21-4656**

—————————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RON MCQUAY GARLAND,

Defendant - Appellant.

—————————

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Kenneth D. Bell, District Judge.  (3:20-cr-00372-KDB-DSC-1)

—————————

Submitted:  June 3, 2024                    Decided:  June 25, 2024

—————————

Before WYNN and RICHARDSON, Circuit Judges, and KEENAN, Senior Circuit Judge.

—————————

Affirmed by unpublished per curiam opinion.

—————————

**ON BRIEF**: William R. Terpening, TERPENING LAW, PLLC, Charlotte, North Carolina, for Appellant.  Dena J. King, United States Attorney, Charlotte, North Carolina, Amy E. Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

—————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ron McQuay Garland was convicted following a jury trial of Hobbs Act robbery and aiding and abetting, in violation of 18 U.S.C. §§ 2, 1951; Hobbs Act robbery, in violation of 18 U.S.C. § 1951; brandishing a firearm during and in furtherance of a crime of violence and aiding and abetting, in violation of 18 U.S.C. §§ 2, 924(c)(1)(A)(ii); brandishing a firearm during and in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii); two counts of attempted Hobbs Act robbery and aiding and abetting, in violation of 18 U.S.C. §§ 2, 1951; and possession of a firearm by a felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). The district court sentenced Garland to a total term of 319 months' imprisonment. On appeal, Garland argues that the district court abused its discretion by admitting an undated photograph of a firearm and that the evidence was insufficient to sustain his convictions. We affirm.

Garland challenges the district court's admission of the undated photograph of a pistol found on his phone under Fed. R. Evid. 401, 403, and 404. "We review a trial court's ruling on the admissibility of evidence for abuse of discretion," viewing the "evidence in the light most favorable to the proponent[ and] maximizing its probative value and minimizing its prejudicial effect." *Burgess v. Goldstein*, 997 F.3d 541, 559 (4th Cir. 2021) (internal quotation marks omitted). Thus, "[w]e will overturn an evidentiary ruling only if it is arbitrary and irrational." *Id.*

"Evidence is relevant if . . . it has any tendency to make a fact more or less probable than it would be without the evidence . . . ." Fed. R. Evid. 401. "[R]elevance typically presents a low barrier to admissibility." *United States v. Leftenant*, 341 F.3d 338, 346 (4th

2

Cir. 2003), *abrogated in part on other grounds by Bloate v. United States*, 559 U.S. 196 (2010). "Indeed, to be admissible, evidence need only be worth consideration by the jury, or have a plus value." *Id*. (internal quotation marks omitted). However, a district court "may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice." Fed. R. Evid. 403; *see United States v. Tillmon*, 954 F.3d 628, 643 (4th Cir. 2019) ("Rule 403 states that a district court may exclude relevant evidence if its probative value is substantially outweighed by a danger of unfair prejudice or needlessly presenting cumulative evidence." (cleaned up)).

"[W]hen considering whether evidence is unfairly prejudicial, damage to a defendant's case is not a basis for excluding probative evidence because evidence that is highly probative invariably will be prejudicial to the defense." *Tillmon*, 954 F.3d at 643 (internal quotation marks omitted). "Instead, unfair prejudice speaks to the capacity of some concededly relevant evidence to lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged." *Id.* (cleaned up). Thus, under Rule 403, relevant evidence is inadmissible where "there is a genuine risk that the emotions of the jury will be excited to irrational behavior, and . . . this risk is disproportionate to the probative value of the offered evidence." *Mullen v. Princess Anne Volunteer Fire Co.*, 853 F.2d 1130, 1134 (4th Cir. 1988) (internal quotation marks omitted).

Under Rule 404(b), evidence is inadmissible if it is "of any other crime, wrong, or act" and offered "to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). However, the same evidence may be "admissible for a proper, non-propensity purpose, such as 'proving

3

motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.'" *United States v. Hall*, 858 F.3d 254, 260 (4th Cir. 2017) (quoting Fed. R. Evid. 404(b)(2)).

Based on these standards and our review of the record on appeal, we conclude that the district court did not abuse its discretion in admitting the photograph of the firearm found on Garland's phone. The evidence was relevant as it "ha[d] [a] tendency to make" Garland's possession and use of a weapon like the one described by Chan Tate (Garland's accomplice and getaway driver) and the other witnesses more likely, particularly because the firearm in the picture appeared identical to the one Tate identified as the one Garland used to commit the robberies, except for the extended magazine. Tate also explained that when Garland first purchased the Glock used to commit the robberies, it had an extended magazine that Garland later replaced. And for similar reasons, the admission of the photograph also did not run afoul of Rule 404(b), as the photograph was not used for the impermissible purpose of showing Garland's bad character, but rather for the permissible, nonpropensity purpose of showing Garland's opportunity to use such a firearm. Furthermore, the record fails to show that the admission of the photograph was otherwise unfairly prejudicial or that any such prejudice substantially outweighed the probative value of the evidence.

Next, "[w]e review the sufficiency of the evidence de novo, sustaining the verdict if, viewing the evidence in the light most favorable to the Government, it is supported by substantial evidence." *United States v. Wysinger*, 64 F.4th 207, 211 (4th Cir.) (internal quotation marks omitted), *cert. denied*, 144 S. Ct. 175 (2023). "Substantial evidence is that

4

which a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." *United States v. Robinson*, 55 F.4th 390, 401 (4th Cir. 2022) (internal quotation marks omitted). A defendant challenging the sufficiency of the evidence to support his convictions faces "a heavy burden, and reversal is warranted only where the prosecution's failure is clear." *Wysinger*, 64 F.4th at 211 (internal quotation marks omitted). "We do not reweigh the evidence or the credibility of witnesses, but assume that the jury resolved all contradictions in the testimony in favor of the Government." *United States v. Ziegler*, 1 F.4th 219, 232 (4th Cir. 2021) (internal quotation marks omitted); *see Wysinger*, 64 F.4th at 211; *Robinson*, 55 F.4th at 404.

To obtain a conviction for Hobbs Act robbery, the Government must prove "(1) that the defendant coerced the victim to part with property; (2) that the coercion occurred through the wrongful use of actual or threatened force, [or] violence or fear . . .; and (3) that the coercion occurred in such a way as to affect adversely interstate commerce." *United States v. Robertson*, 68 F.4th 855, 863 (4th Cir.) (internal quotation marks omitted), *cert. denied*, 144 S. Ct. 301 (2023). To prove attempted Hobbs Act robbery, the Government must prove that "[t]he defendant intended to unlawfully take or obtain . . . property by means of actual or threatened force[] and [that] he completed a substantial step toward that end." *United States v. Taylor*, 596 U.S. 845, 851 (2022) (internal quotation marks omitted). "To support a conviction under § 924(c), the Government must establish: (1) the defendant used or carried a firearm, and (2) the defendant did so during and in relation to a drug

trafficking offense or crime of violence."[1] *United States v. Barronette*, 46 F.4th 177, 204 (4th Cir.), *cert. denied*, 143 S. Ct. 414 (2022). And to sustain a conviction for being a felon in possession of a firearm, the Government must prove, as relevant here, that the defendant knowingly possessed, in or affecting interstate commerce, a firearm.[2]   18 U.S.C. § 922(g)(1).

Garland challenges his Hobbs Act robbery and attempted robbery convictions by arguing that the evidence was insufficient to identify him as the perpetrator of these crimes. Garland also argues that little evidence connected him to the firearm used during the robberies, so the jury wrongfully convicted him on the firearm offenses. However, Tate provided extensive testimony detailing how he assisted Garland in three of the robberies, how Garland called him after one of the robberies and told him about it, and how Garland acquired and used a firearm during the robberies. Other evidence corroborated Tate's version of events, including cellular data that placed the two individuals in and around the area of the robberies at the times they occurred, cell records that showed calls between the two individuals around the times of the robberies, testimony from patrons and employees

---

[1] Garland does not argue on appeal that his predicate Hobbs Act robbery convictions are not crimes of violence for purposes of § 924(c). *See Schulman v. Axis Surplus Ins. Co.*, 90 F.4th 236, 245 (4th Cir. 2024) ("A party waives an argument by failing to present it in its opening brief . . . ." (internal quotation marks omitted)); *United States v. Gillespie*, 27 F.4th 934, 941 (4th Cir. 2022) (recognizing that Hobbs Act robbery is valid § 924(c) predicate offense).

[2] Garland stipulated at trial to his previous felony convictions, and he does not challenge on appeal the interstate commerce element of the offense. *See Schulman*, 90 F.4th at 245.

of the victimized establishments, and other circumstantial evidence, including items found in Garland's home that suggested he participated in the robberies, and testimony from various investigators and law enforcement officers that substantiated the Government's theory of the case. To the extent that Garland suggests Tate's credibility is at issue, we are "not entitled to assess witness credibility and must assume that the jury resolved any conflicting evidence in the prosecution's favor." *Robinson*, 55 F.4th at 404 (internal quotation marks omitted). Accordingly, we conclude that substantial evidence supports Garland's convictions.

For these reasons, we affirm the judgment of the district court. We deny Garland's pro se motion to file a supplemental brief. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*