**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 23-4041**

_____

UNITED STATES OF AMERICA,

           Plaintiff - Appellee,

   v.

JOSHUA BRIAN ROMANO,

           Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. Robert E. Payne, Senior District Judge. (3:22-cr-00026-REP-1)

_____

Submitted: April 22, 2024                Decided: July 22, 2024

_____

Before WYNN, THACKER, and RUSHING, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**ON BRIEF:** Lawrence H. Woodward, Jr., RULOFF, SWAIN, HADDAD, MORECOCK, TALBERT & WOODWARD, P.C., Virginia Beach, Virginia, for Appellant. Jessica D. Aber, United States Attorney, Michael C. Moore, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Joshua Brian Romano appeals his jury conviction for conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349, and three counts of wire fraud, in violation of 18 U.S.C. §§ 2, 1343. On appeal, he argues that the district court erred in evidentiary rulings, and the alleged errors denied him a fair trial. Finding no reversible error, we affirm.

"We review evidentiary rulings for abuse of discretion, which the Court 'will not find unless the decision was arbitrary and irrational.'" *United States v. Robertson*, 68 F.4th 855, 861 (4th Cir.), *cert. denied*, 144 S. Ct. 301 (2023). "Evidentiary rulings are also 'subject to harmless error review.'" *United States v. Caldwell*, 7 F.4th 191, 204 (4th Cir. 2021). "Under that standard, the question is not 'whether absent the error sufficient evidence existed to convict, but rather whether we believe it highly probable that the error did not affect the judgment.'" *United States v. Gallagher*, 90 F.4th 182, 197 (4th Cir. 2024).

Romano first contends that the district court erred in sustaining the Government's objection based on authenticity and excluding his proposed exhibit that he claimed was a single ledger balance report prepared by a law firm for a particular property. "A proponent of evidence must produce evidence sufficient to support a finding that the item is what the proponent claims it is." *United States v. Banks*, 29 F.4th 168, 181 (4th Cir. 2022) (internal quotation marks omitted); Fed. R. Evid. 901(a). "The district court's role is merely to act as a gatekeeper for the jury, and the proponent of the evidence need only make a prima facie showing of its authenticity." *United States v. Summers*, 666 F.3d 192, 201 (4th Cir. 2011). "The district court need only conclude that the jury *could* reasonably find that the evidence is authentic, not that the jury necessarily *would* so find." *Banks*, 29 F.4th at 181-

2

82 (internal quotation marks omitted). "Establishing a strict chain of custody is not an iron-clad requirement, and the fact of a missing link does not prevent the admission of real evidence, so long as there is sufficient proof that the evidence is what it purports to be and has not been altered in any material respect." *Summers*, 666 F.3d at 201 (internal quotation marks omitted). We have reviewed the record and conclude the district court did not abuse its discretion in excluding Romano's proposed exhibit, since he failed to produce sufficient evidence from which the jury *could* reasonably find the exhibit was authentic. We further conclude that even if the district court erred in any respect, the error was harmless.

In his second issue, Romano contends the district court also erred in limiting cross-examination of two prosecution witnesses and not sustaining his hearsay objection to the Government's photo exhibit; and the alleged errors denied him a fair trial. First, he argues the district court erred when it prevented him from cross-examining a witness as to whether she had received emails from him and cross-examining another witness for bias.

As with other evidentiary rulings, we review the district court's limitation on a defendant's cross-examination of a prosecution witness for abuse of discretion. *United States v. Kiza*, 855 F.3d 596, 603-04 (4th Cir. 2017). "Exploring bias is a proper topic for cross-examination, but it is not without limits." *Id*. at 604. "A trial judge has 'wide latitude' to impose reasonable limits on cross-examination to address concerns of prejudice, confusing the jury, relevance, and repetition." *Id*. (quoting *Delaware v. Van Arsdall*, 475 U.S. 673, 679 (1986)). We have reviewed the record and conclude that the district court did not abuse its discretion in imposing reasonable limits on Romano's cross-examination.

3

Moreover; even if there were any error, the error was harmless, because Romano did ask the first witness about emails, and he did cross-examine the second witness about bias.

Finally, Romano argues the district court erred in admitting the Government's photo exhibit showing him in front of a whiteboard and overruling his objection based on hearsay. "Not everything a person says or writes is hearsay." *Gallagher*, 90 F.4th at 195. "Hearsay is an out-of-court statement offered '*to prove the truth of the matter asserted in the statement*.'" *Id*. (quoting Fed. R. Evid. 801(c)(2)). "If a statement is offered for any other reason, it is not hearsay and may not be excluded on that basis." *Id*. We have reviewed the record and conclude that the district court did not abuse its discretion in admitting the exhibit, because it was not offered to prove the truth of any statement on the whiteboard. Moreover, even if the court erred, we conclude that the alleged error was harmless.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*

4