**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 24-4172**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

SHANNON LAYNE MYERS, a/k/a Hambone,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Rock Hill.  Sherri A. Lydon, District Judge.  (0:22-cr-00122-SAL-2)

Submitted:  January 23, 2025                    Decided:  January 28, 2025

Before WILKINSON, WYNN, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  Ray Coit Yarborough, Jr., LAW OFFICE OF RAY COIT YARBOROUGH, JR., Florence, South Carolina, for Appellant.  Christopher Braden Schoen, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Shannon Layne Myers pled guilty, without a plea agreement, to conspiracy to possess with intent to distribute and to distribute methamphetamine and heroin, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846; possession with intent to distribute methamphetamine and heroin, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A), (C); two counts of possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C); aiding and abetting the possession with intent to distribute heroin, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) and 18 U.S.C. § 2; three counts of possession of firearms and ammunition by a felon, in violation of 18 U.S.C. §§ 922(g)(1); and two counts of possession and one count of brandishing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i), (ii).  The district court sentenced Myers to 360 months' imprisonment, consisting of 156 months on the drug counts and 120 months on the § 922(g) counts, all to run concurrently, and consecutive sentences totaling 204 months on the § 924(c) counts.  On appeal, counsel has filed a brief under *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal, thoroughly discussing the plea and sentencing proceedings, but pointing to no specific errors.  Although notified of his right to do so, Myers has not filed a pro se supplemental brief.  We affirm.

Because Myers did not seek to withdraw his guilty plea, we review the validity of his plea for plain error.  *United States v. King*, 91 F.4th 756, 760 (4th Cir. 2024) (stating standard of review and discussing plain-error standard).  Before accepting a guilty plea, the district court must conduct a colloquy with the defendant to "ensure that the defendant

2

understands the nature of the charges to which the plea is offered, any mandatory minimum penalty, the maximum possible penalty, and the various rights the defendant is relinquishing by pleading guilty." *United States v. Williams*, 811 F.3d 621, 622 (4th Cir. 2016); *see* Fed. R. Crim. P. 11(b)(1). The court also must determine that the plea is voluntary, Fed. R. Crim. P. 11(b)(2), and supported by an independent factual basis, Fed. R. Crim. P. 11(b)(3).

Our review of the Fed. R. Crim. P. 11 hearing transcript reveals no error. The district court fully complied with Rule 11 in accepting Myers's guilty plea. Moreover, the record demonstrates that Myers was competent, that he entered his plea knowingly and voluntarily, and that a factual basis supported each count of conviction. *See United States v. Robertson*, 68 F.4th 855, 862 (4th Cir.) (stating elements of § 922(g) offense), *cert. denied*, 144 S. Ct. 301 (2023); *United States v. Moody*, 2 F.4th 180, 192 (4th Cir. 2021) (stating elements of § 924(c) offense); *United States v. Burgos*, 94 F.3d 849, 857, 873 (4th Cir. 1996) (en banc) (stating elements of drug conspiracy, possession with intent to distribute, and aiding and abetting offenses).

Next, we "review[] all sentences—whether inside, just outside, or significantly outside the [Sentencing] Guidelines range—under a deferential abuse-of-discretion standard." *United States v. Claybrooks*, 90 F.4th 248, 257 (4th Cir. 2024) (internal quotation marks omitted). We "must first ensure that the district court committed no significant procedural error," which includes, among other things, "improperly calculating[] the Guidelines range, . . . failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the

3

chosen sentence—including an explanation for any deviation from the Guidelines range." *Gall v. United States*, 552 U.S. 38, 51 (2007). If there is no significant procedural error, then we consider the sentence's substantive reasonableness under "the totality of the circumstances." *Id.*; *see United States v. Provance*, 944 F.3d 213, 218 (4th Cir. 2019). We afford a presumption of reasonableness to any sentence within or below a properly calculated Guidelines range. *United States v. Henderson*, 107 F.4th 287, 294 (4th Cir. 2024), *cert. denied*, No. 24-5761, 2024 WL 4805948 (U.S. Nov. 18, 2024). A defendant can rebut this presumption only "by showing that the sentence is unreasonable when measured against the . . . § 3553(a) factors." *Id.* (internal quotation marks omitted).

Our review of the record confirms the procedural reasonableness of Myers's sentence. The district court adopted the uncontested Guidelines calculations set forth in the presentence report, and we discern no error in the calculation of Myers's advisory Guidelines range on the drug and § 922(g) counts. The district court afforded the parties an opportunity to argue for an appropriate sentence and heard Myers's allocution. The district court considered the § 3553(a) factors and Myers's mitigating arguments and provided a reasoned explanation for the sentence. Finally, because nothing in the record undermines the presumption of substantive reasonableness afforded the selected sentence, we conclude that Myers's sentence is substantively reasonable.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no potentially meritorious grounds for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Myers, in writing, of the right to petition the Supreme Court of the United States for further review. If Myers requests that

a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Myers.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*