**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 24-4330

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

PIERRE DE ROMEO SMITH,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk.  Elizabeth W. Hanes, District Judge.  (2:22-cr-00122-EWH-DEM-1)

Submitted:  February 27, 2025                                    Decided:  April 24, 2025

Before WILKINSON and BERNER, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** S. Mario Lorello, Norfolk, Virginia, for Appellant.  Jessica D. Aber, United States Attorney, Jacqueline R. Bechara, Assistant United States Attorney, Alexandria, Virginia, E. Rebecca Gantt, Assistant United States Attorney, Megan M. Montoya, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Norfolk, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pierre De Romeo Smith appeals his convictions following a jury trial and the district court's order denying his Fed. R. Crim. P. 33 motion for a new trial. A jury convicted Smith of sex trafficking by force, fraud, or coercion, in violation of 18 U.S.C. § 1591(a)(1), (b)(1) (Count 1); sex trafficking of a minor, in violation of 18 U.S.C. § 1591(a)(1), (b)(2) (Count 2); production of a visual depiction of a minor engaged in sexually explicit conduct, in violation of 18 U.S.C. § 2251(a) (Count 3); possession with intent to distribute cocaine (Count 4), fentanyl (Count 5), and methamphetamine (Count 6), all in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C); and possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1) (Count 7). On appeal, Smith challenges the sufficiency of the evidence to support his convictions on all seven counts. He also argues that the district court abused its discretion in denying his motion for a new trial based on alleged juror misconduct. We affirm.

We review de novo the denial of a Fed. R. Crim. P. 29 motion for a judgment of acquittal. *United States v. Robinson*, 55 F.4th 390, 401 (4th Cir. 2022). "We will uphold the jury's verdict if, viewing the evidence in the light most favorable to the government, the verdict is supported by substantial evidence." *Id.* (internal quotation marks omitted). "The jury, not the reviewing court, weighs credibility and resolves conflicts in the evidence; and if the evidence supports different, reasonable interpretations, the jury decides which interpretation to believe." *United States v. Wysinger*, 64 F.4th 207, 211 (4th Cir.) (internal quotation marks omitted), *cert. denied*, 144 S. Ct. 175 (2023). "[A] defendant who challenges the sufficiency of the evidence bears a heavy burden." *United States v.*

2

*Freitekh*, 114 F.4th 292, 308 (4th Cir. 2024) (internal quotation marks omitted). "Reversal for insufficient evidence is reserved for the rare case where the prosecution's failure is clear." *Id.* (internal quotation marks omitted).

Smith first argues that the Government did not prove that he used force, threats of force, or coercion to cause the sex trafficking victim ("Jane Doe") to engage in commercial sex acts, as alleged in Count 1. But the trial testimony belies his claim. *See* 18 U.S.C. § 1591(a)(1), (b)(2); *Wysinger*, 64 F.4th at 211, 213 (discussing elements of statute). And, in any event, the jury decides how to interpret and resolve conflicts in the evidence. *See Wysinger*, 64 F.4th at 211.

Smith next argues that there was insufficient evidence to show he was aware of Jane Doe's age. Because Smith did not raise this specific ground in his Rule 29 motion in the district court, we review this claim to determine whether "a manifest miscarriage of justice has occurred." *United States v. Duroseau*, 26 F.4th 674, 678 (4th Cir. 2022) (internal quotation marks omitted); *see United States v. Rao*, 123 F.4th 270, 276 (5th Cir. 2024) (defining manifest miscarriage of justice). To sustain Smith's conviction on Count 2, the Government "need not prove that the defendant knew, or recklessly disregarded the fact, that the [victim]" was under 18 years old. 18 U.S.C. § 1591(c). Instead, the Government needs to prove only that "the defendant had a reasonable opportunity to observe the person." *Id.*; *see United States v. Williams*, 127 F.4th 676, 682 (7th Cir. 2025) ("[I]f a defendant had a reasonable opportunity to observe the underage victim, the defendant's knowledge of the victim's age is irrelevant."). Because Smith knew Jane Doe for a month

3

and interacted with her on numerous occasions, he had a reasonable opportunity to observe her.  Thus, no manifest miscarriage of justice occurred.

Regarding Count 3, Smith argues that the evidence presented was "consistent with a reasonable hypothesis of innocence that it was Jane Doe's idea and decision to create the photographs, free from any coercion or inducement or purposeful acts on [his] part." (Appellant's Br. (ECF No. 18) at 20).  But it is the jury's province to decide which version of the facts to believe.  *Wysinger*, 64 F.4th at 211; *see* 18 U.S.C. § 2251(a); *United States v. McCauley*, 983 F.3d 690, 695 n.3 (4th Cir. 2020) (stating elements of offense).  Smith's challenge therefore fails.

Smith asserts that the Government failed to prove he constructively possessed the controlled substances and firearm in Counts 4 through 7. "Constructive possession requires ownership, dominion, or control over the contraband or the premises or vehicle in which the contraband was concealed and knowledge of the presence of the contraband."  *United States v. Moody*, 2 F.4th 180, 189 (4th Cir. 2021) (internal quotation marks omitted); *see United States v. Robertson*, 68 F.4th 855, 862 (4th Cir.) (stating elements of § 922(g) offense), *cert. denied*, 144 S. Ct. 301 (2023); *United States v. Burgos*, 94 F.3d 849, 873 (4th Cir. 1996) (en banc) (stating elements of § 841(a) offense).  We have concluded that, when a defendant "was the driver and sole occupant at the time the drugs [and firearm] were found" and the contraband was "within his reach," that evidence is "indicative of a high degree of dominion and control over the [contraband]."  *United States v. Herder*, 594 F.3d 352, 358-59 (4th Cir. 2010); *see Moody*, 2 F.4th at 191 ("There is an inference that the driver of the vehicle has knowledge of the contraband within it . . . ." (internal quotation

4

marks omitted)). Here, Smith was the sole occupant and driver of the vehicle in which the contraband was found. We therefore conclude that Smith's challenge to the sufficiency of the evidence fails. *See Freitekh*, 114 F.4th at 308.

Turning to Smith's claim that the district court should have granted him a new trial under Rule 33, our review is for abuse of discretion. *United States v. Kuehner*, 126 F.4th 319, 330 (4th Cir. 2025). The district court "should exercise its discretion to award a new trial sparingly, and a jury verdict is not to be overturned except in the rare circumstance when the evidence weighs heavily against it." *United States v. Burfoot*, 899 F.3d 326, 340 (4th Cir. 2018) (internal quotation marks omitted). "[T]o obtain a new trial . . . , a party must first demonstrate that a juror failed to answer honestly a material question on *voir dire*, and then further show that a correct response would have provided a valid basis for a challenge for cause." *McDonough Power Equip., Inc. v. Greenwood*, 464 U.S. 548, 556 (1984). Although the parties do not dispute that the juror gave untruthful answers during voir dire, our review of the record confirms that there was no reason to dismiss the challenged juror for cause and that the juror had no actual biases or motives that affected the fairness of Smith's trial. *See id.* at 555-56. Therefore, the district court did not abuse its discretion in denying the motion for new trial. *See Kuehner*, 126 F.4th at 330.

Accordingly, we affirm the criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

5