**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 24-4439**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

SHAWN LEROY BUTLER,

Defendant - Appellant.

**No. 24-4443**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

SHAWN LEROY BUTLER,

Defendant - Appellant.

Appeals from the United States District Court for the Middle District of North Carolina, at Greensboro.   Catherine C. Eagles, Chief District Judge.   (1:23-cr-00076-CCE-1; 1:18-cr-00408-CCE-1)

Submitted:  May 15, 2025                                            Decided:  May 19, 2025

Before NIEMEYER and HEYTENS, Circuit Judges, and KEENAN, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**ON BRIEF:**  Louis C. Allen III, Federal Public Defender, Stacey D. Rubain, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greensboro, North Carolina, for Appellant.  Kyle David Pousson, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Shawn Leroy Butler pled guilty, under a written plea agreement, to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(8). The district court sentenced him to 87 months' imprisonment. At the sentencing hearing, the district court also revoked Butler's prior supervised release term and imposed a 21-month consecutive sentence. In these consolidated appeals, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal, thoroughly discussing the plea, revocation, and sentencing proceedings, but pointing to no specific errors. Although notified of his right to do so, Butler has not filed a pro se supplemental brief. We affirm.

Because Butler did not seek to withdraw his guilty plea to the § 922(g) offense, we review the validity of his plea for plain error. *United States v. King*, 91 F.4th 756, 760 (4th Cir. 2024) (stating standard of review and discussing plain-error standard). Before accepting a guilty plea, the district court must conduct a colloquy with the defendant to "ensure that the defendant understands the nature of the charge[] to which the plea is offered, any mandatory minimum penalty, the maximum possible penalty, and the various rights the defendant is relinquishing by pleading guilty." *United States v. Williams*, 811 F.3d 621, 622 (4th Cir. 2016); *see* Fed. R. Crim. P. 11(b)(1). The court also must determine that the plea is voluntary, Fed. R. Crim. P. 11(b)(2), and supported by an independent factual basis, Fed. R. Crim. P. 11(b)(3).

Our review of the Fed. R. Crim. P. 11 hearing transcript reveals no error. The district court fully complied with Rule 11 in accepting Butler's guilty plea to the § 922(g)

3

offense.  Moreover, the record demonstrates that Butler was competent, that he entered his plea knowingly and voluntarily, and that a factual basis supported his conviction.  *See United States v. Robertson*, 68 F.4th 855, 862 (4th Cir.) (stating elements of possession of a firearm by a felon), *cert. denied*, 144 S. Ct. 301 (2023).

Next, we "review[] all sentences—whether inside, just outside, or significantly outside the [Sentencing] Guidelines range—under a deferential abuse-of-discretion standard."  *United States v. Claybrooks*, 90 F.4th 248, 257 (4th Cir. 2024) (internal quotation marks omitted).  We "must first ensure that the district court committed no significant procedural error," which includes, among other things, "improperly calculating[] the Guidelines range, . . . failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence."  *Gall v. United States*, 552 U.S. 38, 51 (2007).  If there is no significant procedural error, then we consider the sentence's substantive reasonableness under "the totality of the circumstances."  *Id.*; *see United States v. Provance*, 944 F.3d 213, 218 (4th Cir. 2019).  We afford a presumption of reasonableness to any sentence within a properly calculated Guidelines range.  *United States v. Henderson*, 107 F.4th 287, 297 (4th Cir.), *cert. denied*, 145 S. Ct. 578 (2024).  A defendant can rebut this presumption only "by showing that the sentence is unreasonable when measured against the . . . § 3553(a) factors."  *Id.* (internal quotation marks omitted).

Our review of the record confirms the procedural reasonableness of Butler's sentence on the § 922(g) offense.  The district court adopted the uncontested Guidelines calculations set forth in the presentence report, and we discern no error in the calculation

of Butler's advisory Guidelines range. The district court afforded the parties an opportunity to argue for an appropriate sentence, and Butler declined to allocute. The district court considered the § 3553(a) factors and Butler's arguments, and the court provided a reasoned explanation for the sentence. Finally, because nothing in the record undermines the presumption of substantive reasonableness afforded the selected sentence, we conclude that Butler's 87-month sentence is substantively reasonable.

Turning to the appeal of the revocation judgment, "[w]e review a district court's factual findings underlying a revocation of supervised release for clear error and its ultimate decision to revoke a defendant's supervised release for abuse of discretion." *United States v. George*, 95 F.4th 200, 208 (4th Cir. 2024) (internal quotation marks omitted). To revoke supervised release, the district court need only find a violation of a supervised release condition by a preponderance of the evidence. 18 U.S.C. § 3583(e)(3); *United States v. Dennison*, 925 F.3d 185, 191 (4th Cir. 2019). Upon review of the record, we discern no error in the district court's decision to revoke Butler's term of supervised release.

Regarding the 21-month revocation sentence, "[a] district court has broad discretion when imposing a sentence upon revocation of supervised release." *United States v. Patterson*, 957 F.3d 426, 436 (4th Cir. 2020). Thus, we "will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable." *Id.* When reviewing "whether a revocation sentence is plainly unreasonable, [we] must first determine whether the sentence is procedurally or substantively unreasonable." *Id.*; *see United States v. Slappy*, 872 F.3d 202, 207 (4th Cir. 2017) (providing standards). "Only if a sentence is

5

either procedurally or substantively unreasonable is a determination then made as to whether the sentence is plainly unreasonable—that is, whether the unreasonableness is clear or obvious. *Patterson*, 957 F.3d at 437 (internal quotation marks omitted). If the revocation sentence is not plainly unreasonable, we will affirm it. *Id.*

Our review confirms that Butler's revocation sentence is both procedurally and substantively reasonable. The district court correctly calculated the applicable policy statement range of 15 to 21 months, considered the relevant statutory factors and Butler's arguments for a lesser sentence, imposed a sentence within the statutory maximum, and offered sufficiently detailed reasons for its decision. We also conclude that there is no basis to rebut the presumption of substantive reasonableness afforded Butler's within-policy-statement-range sentence. *See United States v. Gibbs*, 897 F.3d 199, 204 (4th Cir. 2018).

In accordance with *Anders*, we have reviewed the entire record in these cases and have found no potentially meritorious grounds for appeal. We therefore affirm the criminal and revocation judgments. This court requires that counsel inform Butler, in writing, of the right to petition the Supreme Court of the United States for further review. If Butler requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Butler. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*